### IN

# THE SUPREME COURT

### OF

# THE STATE OF LOUISIANA.

---

### WESTERN DISTRICT.
### OPELOUSAS, SEPTEMBER, 1831.

---

### LOREAU *vs.* DECLOUET.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

In commutative contracts, where the reciprocal obligations are to be performed at the same time, or one immediately after the other—if one party goes on to perform his part; but does not complete it as agreed on—and the other receives the thing contracted for, he is bound to pay the value in the condition it is delivered.

So if A stipulate with B to build him a sugar house, for a certain price; and B agrees to pay it when the work is completed, and furnish materials—if A fails to complete the work in the manner stipulated, yet if B use the sugar house, he is bound to pay the value of the labor he has expended on it.

The plaintiff claims four hundred dollars for building a sugar house, constructing cisterns, coolers, &c. for defendant; and also one hundred and fourteen dollars for work and labor done for the defendant. There was a written agreement between the parties, executed in May, 1829, in which it is

| WESTERN DIST. | 3L | 1 |
| | 49 | 995 |
| September, 1831. | 3L | 1 |
| | 50 | 355 |
| LOREAU | 3 | 1 |
| *vs.* | 112 | 1067 |
| DECLOUET. | | |

WESTERN DIST.
September, 1831.

LOREAU
vs.
DECLOUET.

stipulated the work should be done and finished by the plaintiff, by the 10th of October, 1829, the defendant furnishing the materials, &c. He alleges he had completed all the work, stipulated, by the time agreed on, except casing and lining the coolers, which he was prevented from doing in consequence of the defendant not having them first caulked as agreed on. He instituted suit, in the following April, 1830, for the amount of his contract, and an account for work and labor done, for one hundred and fourteen dollars.

The defendant denied that the work was done in a workmanlike manner, and that it was done so badly as to be unfit for the object intended. That, part of the work was not done, such as casing and lining the coolers, &c. He alleges he had to have the whole of the work done over again, and made entirely new, which was to his prejudice, and cost five hundred dollars. That he had to employ a workman to caulk his cisterns and coolers, to whom he paid seventy-eight dollars, and shall be obliged to pay a workman to undo and do anew the plaintiff's work, which will cost him two hundred dollars more—in all seven hundred and seventy-eight dollars, which he claims as damages in reconvention from the plaintiff. After hearing the evidence, the court gave judgment for the plaintiff for one hundred and ninety-two dollars and forty-nine cents for what work he performed. The defendant appealed.

*Garland* and *Voorhies*, for plaintiff, contended—

1. That the plaintiff performed all his part of the contract, except double lining the coolers, which he was ready, and offered, to do, whenever they should be caulked which the defendant was bound to have done, and refused.

2. If an undertaker fails to have the work done, or does not execute it in a workmanlike manner, he is liable, in damages, for the loss that may ensue. But when the other party takes possession of, and uses the work that is performed, he is bound to pay its value. *Louisiana Code*, 2740.

*Simon* and *Brownson*, for defendant.

1. In all reciprocal or commutative contracts, the party who wishes to put the other in default, must, at the same

time, perform his part of the agreement, or offer to perform it, before he can compel the other to perform his. *Louisiana Code*, 1907, 2731.

2. The plaintiff has failed to complete the work without any fault of the defendant, and is not entitled to his wages or any compensation. *Louisiana Code*, 2731. *Pothier, Contrat d'Louage*, 213.

*Porter, J.* delivered the opinion of the court.

This is an action for work and labor done on the sugar house of the defendant for a stipulated price. The answer avers the work to be defectively executed, by which the defendant has sustained damage to the amount of five hundred dollars. It further alleges that the plaintiff failed to do all the work which he contracted to execute; and that to complete the work left unfinished, and repair that defectively done, has cost, and will cost, the defendant two hundred and seventy-eight dollars. For these sums judgment in reconvention is demanded. The original sum stipulated was four hundred dollars, to which the plaintiff added an account, for extra work, of one hundred and fourteen dollars. There was judgment in his favor for one hundred and ninety-two dollars and forty-nine cents, and the defendant appealed.

The appellant has contended that the plaintiff cannot maintain this action because the work was not completed when the suit was instituted. The reasons offered in support of this position were, that the contract could not be divided; that it was synallagmatic, and that without an express agreement to the contrary, the contracting party who had not performed, or was not ready to perform his part of the agreement, had no right to ask a compliance from the other of his part. The authorities cited to support it, were *Louisiana Code*, 1907 ; *Pothier, Contrat d'Louage, nos.* 405, 406 ; *Lois de Bâtimens par le Page, vol.* 2, 68.

The facts proved in this case show that the plaintiff, considering the work to be executed, demanded of the defendant a compliance with the contract, or, if he believed it had not been performed, the plaintiff required two indifferent persons

WESTERN DIST.
September, 1831.

LOREAU
vs.
DECLOUET.

should be selected to declare in what it was defective, and that if they decided it was not completed, he would go on and finish it. The defendant refused his assent to the proposal, and, insisting that the work had not been completed, and that the part done was defectively executed, proceeded to make use of the sugar house.

*In commutative contracts, where the reciprocal obligations are to be performed at the same time, or one immediately after the other; if one party goes on to perform his part, but does not complete it as agreed on, and the other receives the thing contracted for; he is bound to pay the* value *in the condition it is delivered.*

The authorities cited, we think, contemplate the case where the proprietor refuses altogether to receive the work, and insists on its being finished before he uses it. This construction is supported by the 426th article of the work of *Pothier*, cited in the argument, where the author states that, if there are defects in the building which the workmen will not remove, but, on the contrary, insists it should be received in the state he offers it, the proprietor may have them repaired at the expense of the former, a principle which is inconsistent with the doctrine contended for, that nothing is due unless the work is exactly finished according to contract. Our code, by the provision contained in the 2740th article, seems to view the subject in the same light; and we are satisfied that if the owner use the building, he is bound to pay the workman the value of the labor he has expended on it. Previous to the drawing up and execution of the authentic act, the parties had reduced their agreement to writing, by an instrument *sous seing privé*, and this instrument was handed to the notary to enable him to write the public act. After the latter was executed, both the parties required him to retain the private instrument in his hands; and he did so. On comparing the two, a slight discrepancy is found. The private act obliges the plaintiff, in express terms, to caulk the cisterns and coolers. The public one states that they are to be made perfect. The legality of receiving the writing *sous seing privé* in evidence, has been much contested; but we feel it unnecessary to decide the question, being of opinion that the obligation of the plaintiff to make the work perfect, required of him to caulk that portion of it which without caulking would not be perfect.

*So if A stipulate with B to build him a sugar house, for a certain price; & B agrees to pay* it *when the work is completed, & furnish materials; if A fail to complete the work in the manner stipulated, yet if B use the sugar house, he is bound to pay A the value of the labor he has expended on it.*

Experts were appointed, in the court below, to examine the work, ascertain its defects, and estimate the value of that

which the plaintiff had executed, together with the sum it would cost to finish the building in a workmanlike manner. In complying with this direction, they stated that the value of the work contracted for, at the ordinary price, was five hundred and forty-eight dollars. The court, in forming its opinion, assumed this as the amount which would have been due to the plaintiff, if the work had been finished, and, making deductions from it for the unfinished and badly executed work, at the same rate, gave judgment for the balance. The defendant complains of this, and insists the deductions should be made, at the ordinary prices, from the sum of four hundred dollars, the amount for which the plaintiff contracted to finish the building. If the plaintiff had contracted to do the work by his own labor, or that of others furnished by him, for four hundred dollars, there is no doubt the position assumed by the appellant would be correct. But, on referring to the contract, we perceive the plaintiff contracted to build for four hundred dollars, and the labor of two carpenters to be furnished by the defendant. The services of these two persons, with the four hundred dollars, we presume, was equivalent to the ordinary price of work; and we, therefore, think the court did not err, in the estimate assumed by it, in forming its judgment. On a full view of the case, we think justice has been done:

And it is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.