Western Dis.
*Sept.* 1832.

ETIE
*vs.*
SPARKS.
4L 463
50 355

ETIE *vs.* SPARKS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

In commutative or reciprocal contracts, where the agreement requires the performance of several acts, a partial performance authorizes a recovery to the amount which the other party is benefitted, but subject to a deduction of such damages as may be sustained by the failure to discharge the other parts of the agreement.

Where parole evidence is introduced to prove a demand, and it discloses the fact of a written demand having been made; the written notice must be produced, as the best evidence, or its loss or absence accounted for.

This case arose on a commutative contract, in which the plaintiff engaged and sold to the defendant, a certain quantity of plant cane, with the privilege of cultivating it with some stubble cane, on a piece of land; also, the hire of ten slaves, two work horses, and two yoke of oxen, &c. The defendant engaged on his part, to pay eleven thousand pounds of sugar, and molasses in proportion, to be delivered to the plaintiff in the month of February, 1830, following the date of their agreement, which was the year preceding. The plaintiff alleges the sugar and molasses have never been delivered; that the negroes were detained twenty-eight days after the crop was made, contrary to agreement; and the horses and oxen have not been returned. He prays to be paid the value of the sugar, molasses, hire of negroes, horses, and oxen, amounting to one thousand two hundred and seventy-five dollars and thirty cents.

The defendant plead a failure on part of the plaintiff, to perform his part of the contract, by which he had sustained damages to the amount of one thousand dollars, and filed an account for sixty-nine dollars against the plaintiff, and denied his right to recover any on his part.

WESTERN DIS.
Sept. 1832.

ETIE
vs.
SPARKS.

There was a verdict and judgement in favor of the plaintiff, for six hundred and ninety dollars. After an unsuccessful attempt to obtain a new trial, the defendant appealed.

There was a variety of testimony to show a compliance on the one side and a failure on the other. The jury were satisfied the plaintiff supported his demand, and that there was fairly due to him six hundred and ninety dollars, the amount of their verdict.

There was also a bill of exceptions taken to the opinion of the district judge, refusing to hear one of the defendant's witnesses, who had been sent to make a demand on the plaintiff, of a performance of his part of the contract, until the letter the witness had written to the plaintiff, was produced. The judge also refused to give an order, as the trial had commenced, requiring the opposite party to produce it; but the defendant was allowed to prove his demand by another witness.

*Simon*, for plaintiff.

*Splane*, for defendant, contended:

1. That the contract contained mutual engagements, and that the plaintiff was bound to show a performance on his part before he could compel the defendant to perform his.

2. In all commutative contracts, one party must comply with the conditions on his part, before calling on the opposite party. In this case, the plaintiff has failed in most of his stipulations, and ought not to recover. *Pothier on Ob.* 4 *Term Rep.* 125, 671.

3. Parole testimony ought to have been admitted to prove the demand made by the defendant upon the plaintiff, when an order was refused to compel the adverse party to produce the letter written by defendant's agent. *Code of P.* 475.

PORTER, J., delivered the opinion of the court.

This action was instituted on a contract, by which the plaintiff sold to the defendant a quantity of sugar cane for

plants, and the right to cultivate the ensuing year, some stubble cane belonging to the petitioners; and by which there were hired to the defendant ten slaves, and some horses and work oxen. The matter principally contested in the court below, was the performance by the plaintiff of the obligations assumed by him in the agreement above referred to. The jury found a verdict in favor of the plaintiff for six hundred and ninety dollars and five cents. We have examined the evidence, and are of opinion they did not err. The defendant moved for a new trial, which being refused, he appealed.

In this court, he has raised several questions of law.

1. He contends the plaintiff cannot recover, because he did not perform all the obligations assumed by him in the contract.

Where the agreement requires the performance of several acts, a partial performance authorizes a recovery to the amount to which the other party to the contract is benefitted; subject, however, to deduction of such damages, as may be sustained by the failure to discharge the other parts of the agreement. *Loreau* vs. *Declouett*, 3 *La. Rep.* 1.

On the trial, the defendant offered a witness to prove he made a demand on the plaintiff, to comply with the whole of his contract. The witness, on being interrogated, declared that he had made such a demand in writing. Objection was made to any parole evidence of the demand, it not being the best evidence of which the case was susceptible. The court sustained the objection. Whereupon, the defendant, by his counsel, applied to the court for an order on the plaintiff, to produce the document. This was repelled, on the ground the application came too late, the cause being on trial. The court refused to make the order, and the defendant excepted to this decision, as well as that which rejected the parole evidence.

*In commutative or reciprocal contracts, where the agreement requires the performance of several acts, a partial performance authorizes a recovery to the amount which the other party is benefitted, but subject to a deduction of such damages as may be sustained by the failure to discharge the other parts of the agreement.*

The court certainly did not err in the first opinion. The defendant had no right to introduce parole evidence, unless he had showed he had used all means in his power to procure the better proof. But whether the court decided cor-

*Where parole evidence is introduced to prove a demand, and it discloses the fact of a written demand*

having been
made, the writ-
ten notice
must be pro-
duced, as the
best evidence,
or its loss or
absence ac-
counted for.

rectly in refusing the order, may be well doubted under the 473—75 *articles of the Code of Practice.* The case, however, does not require a positive expression of our opinion, as the defendant was subsequently permitted to prove the demand by another witness.

Application was made for a new trial, on the ground of the misconduct of one of the jury. No evidence of the fact appears on record, and we cannot notice it.

The appellee has prayed the court to give interest on the verdict of the jury, and damages for a frivolous appeal; neither of which demands are, in our opinion, justified by the facts or the law of the case.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.