WESTERN DIST.
August, 1834.

DYER
vs.
SEALS.

cents per pound, and it is proved that a higher price than that at which the cotton was sold could not be obtained; and when, it also, appears that this was the highest market price obtainable at any time between the sale and the inception of suit, the price at which the cotton actually sold, is all the principal or owner can recover.

## DYER vs. SEALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

7L 131
50 355

7 131
112 1068

Where the question is presented, whether a workman who sues on a specific contract for work and labor, can give evidence of the work *really* done, and recover its value, although the job was not completed according to contract, when the employer received the work in an imperfect state, and when sued on the contract, demands damages in reconvention for delay in doing the work, and for its not being done in a workmanlike manner? *Held*, that this case is similar to that of *Loreau* vs. *Declouet*, 3 *La. Reports*, 1; and that the evidence is admissible, and the employer, having received the work, is bound to pay the value in the condition it is delivered.

WESTERN DIST.   The plea in reconvention, authorises the plaintiff to give in evidence the
*August,* 1834.   value of the work done for which he sues, to repel the demand for
DYER          damages against him for the non-performance of his contract.
*vs.*
SEALS.        Where the amount found by the jury was not liquidated at the inception
              of the suit, *interest* is not allowable by law. The law does not allow
              interest on unliquidated sums.

       Where the verdict and judgment allows interest on an unliquidated sum,
       the appellee cannot avoid a reversal of the judgment and payment of
       costs, by filing in the Supreme Court a *remittitur* of the interest so
       allowed.

The plaintiff alleges, he entered into a written contract
with the defendant, to build for him a cotton gin, for which
the latter bound himself to pay him the sum of five hundred
and fifty dollars. He further alleges, he has performed his
part of the contract according to the terms thereof, and com-
pleted the gin within the time limited; and that the defendant
refuses to pay him. He, therefore, prays judgment for the
sum of five hundred and fifty dollars and costs.

The defendant pleads a general denial; admits, and an-
nexes to his answer the written contract to build the gin, but
expressly avers that the plaintiff, after commencing the work
quit it soon after, and left the country, against the consent
and remonstrances of this defendant; that by reason of the
misconduct and failure of the plaintiff to build his gin in
time for his crop, he has sustained damages to the amount
of five hundred and fifty dollars; and that the plaintiff is
further indebted to him for various articles furnished, accord-
ing to an annexed account, amounting to four hundred and
nine dollars and twenty-five cents, making in all the sum of
nine hundred and fifty-nine dollars; for which he prays
judgment against the plaintiff in reconvention.

The plaintiff sued on his written contract, in which he
bound himself to build the gin and gin-house for the defendant,
by the 1st of October, 1833, unless prevented by sickness, in
which case he was to have longer time. The evidence shows,
the work was badly done, and the gin not entirely completed.
The defendant attempted to gin his cotton on it, but he had

to employ a person to finish and fix the press, before he could press the cotton after it was ginned. The whole evidence showed, the gin was not completed according to the contract. The account of defendant, annexed to his answer, was proved, with the exception of some items, which were stated to be charged too high.

The jury returned a verdict for the plaintiff, in the sum of three hundred and fifty-six dollars, without finding any thing on the plea in reconvention.

The defendant's counsel moved for a new trial, on the following grounds:

1. The jury erred in finding a verdict for the value of the work and labor done, when the suit was brought on a special contract.

2. The verdict is contrary to law and evidence, in not finding or allowing any thing on the plea in reconvention.

3. There was no proof of the value of the work done by the plaintiff.

The motion for a new trial was overruled, and judgment rendered in conformity to the verdict. The defendant appealed.

*Lawson,* for the plaintiff.

*Muse,* for the defendant and appellant.

*Bullard, J.,* delivered the opinion of the court.

The appellant relies for a reversal of the judgment on five points, filed in the record.

The three first may be considered together, as presenting to the court the question, whether a workman who sues on a specific contract for work and labor, can give evidence of the work really done, and recover its value, although the job was not completed according to contract, when the employer received the work in an unfinished state, and when sued on the contract demands damages in reconvention, for delay in doing the work and for its not having been done in a workmanlike manner.

WESTERN DIST.
*August,* 1834.

DYER
*vs.*
SEALS.

Where the question is presented whether a workman who sues on a specific contract for work and labor, can give evidence of the work *really* done and recover its value, although the job was not completed according to contract, when the employer received the work in an imperfect state, and when sued on the contract, demands damages in reconvention for delay in doing the work and for its not being done in a workmanlike manner? *Held,* that

WESTERN DIST.
*August*, 1834.

DYER
*vs.*
SEALS.

this case is similar to that of *Loreau* vs. *Declouet*, 3 *La. Reports* 1; and that the evidence is admissible and the employer having received the work, is bound to pay the value in the condition it is delivered.

The plea in reconvention authorises the plaintiff to give in evidence the value of the work done for which he sues, to repel the demand for damages against him for non-performance of his contract.

Where the amount found by the jury was not liquidated at the inception of the suit, *interest* is not allowable by law. The law does not allow interest on unliquidated sums.

Where the verdict and judgment allows interest on an unliquidated sum, the appellee cannot avoid a reversal of the judgment and payment of costs, by filing in the Supreme Court a *remittitur* of the interest so allowed.

This case is similar, in its essential features, to that of Loreau *vs.* Declouet, 3 *La. Reports*, 1; in which this court held, that in commutation contracts, when the reciprocal obligations are to be performed at the same time or one immediately after the other, if one party goes on to perform his part but does not complete it, as agreed on, and the other receives the thing contracted for, he is bound to pay the value in the condition it is delivered.

The plea in reconvention, authorised the plaintiff to give in evidence the value of the work done, to repel the demand for damages against him for the non-performance of his contract. The jury tried the whole case, and after allowing to the defendant about two hundred dollars, rendered a verdict in favor of the plaintiff, for the balance.

The fourth point made by the counsel for the appellant, is that the verdict of the jury on the plea of reconvention, is contrary to law and evidence. It is urged, that a greater amount of damages was proved, than has been allowed by the jury. One witness, it is true, stated as his opinion that the defendant had suffered greater damage in the loss of an early market, and the fall of price. But the jury was not bound to adopt the opinion of the witness, which may have been formed on taking into view remote consequences which could not have entered into the contemplation of the parties when the contract was made. The jury took into view the limited amount of crop to be ginned, and the delay which occurred, and formed their opinion according to the facts proved on the trial. We are not enabled to say, that their verdict has done evident injustice to the defendant.

The last point appears to us well taken. The amount found by the jury was not liquidated at the inception of the suit, and interest is not by law to be allowed on unliquidated sums. The appellee endeavors to obviate this objection, by filing in this court a *remittitur* as to the interest allowed by the judgment. We are of opinion, that this cannot be done. This court must pronounce on the judgment as it was rendered, independently of any modification of it by one of the parties pending the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff recover of the defendant and appellant the sum of three hundred and fifty-six dollars, with costs in the District Court; those of the appeal to be paid by the plaintiff and appellee.