SANDERS v. MONROE SAND & GRAVEL CO., Inc., et al.

No. 2058.

District Court, W. D. Louisiana, Monroe Division.

Oct. 28, 1932.

Cline, Plauche & Girod, of Lake Charles, La., for plaintiff.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for defendants.

DAWKINS, District Judge.

The jury in this case has been waived. It is a suit wherein the plaintiff alleges that defendant failed to reimburse him for expenditures made for worn out parts of machinery used in the performance of a certain contract which required such payment and to compel the payment for the stipulated minimum of cars of gravel which the defendant was to pay for, over particular periods of time, whether taken or not. All of the demands save three were voluntarily dismissed as of nonsuit. The remaining claims, as stated by counsel for plaintiff, are: (1) For material and parts furnished during the period between September 19, 1925, and November 12, 1925, as set out in article 9 of the petition, $1,274.34; (2) for material and parts furnished during the period between November 25, 1925, and December 10, 1925, as stated in article 10 of the petition, $429.99; and (3) for shortage of pit run gravel during the period between October 21, 1925, and November 20, 1925, as set out in article 15 of the petition, the sum of $2,366.73, less a credit of $583.13, with interest at the rate of 5 per cent. on all of said items from January 1, 1926.

Defendant denied generally the allegations of the petition and pleaded specially a breach of the contract, in that plain-

tiff had assigned or attempted to assign the same in direct violation of its · express terms. Other defenses were set up, including estoppel and in effect a plea of res judicata, resulting from plaintiff having previously. sued in the state court upon similar claims accruing after those asserted in the present case, thereby waiving all right to the latter for the reason that he could have and should have demanded their payment in the suit in the state court.

Under the terms of the contract plaintiff undertook to operate a gravel pit of the defendant and to produce for delivery, into cars to be furnished by the latter, gravel to the extent of certain monthly minimums which, if the plaintiff failed to produce or defendant failed to take, then the one so in default was to pay the other at the rate of 40 cents per cubic yard. Both the gravel pit and the machinery were owned by the defendant, and the latter obligated itself to "bear the expense of repairs of equipment and replacement of parts worn out during the life of the contract." It also provided: "This contract is personal as to both parties, and neither party shall, without the written consent of the other" assign it.

On November 7, 1924, shortly after the contract was made, the plaintiff assigned the same to J. W. Sanders Construction Company, Inc. He first intended to organize a corporation by that name, but later changed it to the J. W. Sanders Contracting Company, Inc., for the reason that it was not to engage in construction work. This charter, that is the J. W. Sanders Construction Company, Inc., was actually recorded in the recorder's office of Caddo parish, La. However, there was filed with the Secretary of State a charter bearing the name of J. W. Sanders Contracting Company, Inc., and a certificate of incorporation therefor was issued by that officer. I conclude from the testimony of Mr. Sanders that he probably changed the word "Construction" to "Contracting" in the copy of the charter which was filed with the Secretary of State and this accounts for the difference between it and the one recorded in Caddo Parish. In any event, there was, I think, at least a de facto corporation, and, in reality, Sanders thereafter conducted his operations and carried his bank account in the name of J. W. Sanders . Contracting Co., Inc., but never advised the defendant of this fact, all of his communications being in his own name.

The assignment was a clear violation of the original contract, and while it had no binding effect upon defendant, was such a breach as prevents plaintiff from recovering damages for the violation of its other clauses by the defendant. Of course if defendant had known this, it could have repudiated the whole contract, for it had the right to deal with Sanders alone. It could not be compelled to deal with the corporation. The result was that the de facto corporation was carrying on the operations without defendant's knowledge or consent, and the plaintiff with whom the contract had been made, after its assignment, did not stand in a position to perform the provisions for delivering the minimum number of cars, and not ·being in such a position, could not exact performance of the defendant by requiring it to pay therefor after the time for their delivery had passed. See Louisiana R. C. C. art. 1913; Elliott on Contracts, § 2025; Shreveport Cotton Oil Co. v. Friedlander et al., 112 La. 1059, 36 So. 853; Sitman & Burton v. Lindsey, 123 La. 53, 48 So. 646; Silverman v. Caddo Gas & Oil Co., 127 La. 928, 54 So. 289; Taylor v. Almanda, 50 La. Ann. 351, 23 So. 365; Chase v. Turner, 10 La. 19, 20; Dyer v. Seals, 7 La. 131, 133; Loreau v. Declouet, 3 La. 1. It was not necessary that there should have been a completely valid corporation, for the assignment was actually made and the operations carried on in this name. It was, for the purposes of this case, as much a third person as if it had been .validly formed.

This leaves for decision only the question of the reimbursement for repairs and parts. A different situation I think exists with regard to these claims. Defendant has received the benefits of the work performed in producing and delivering the gravel which was actually made and the making of these repairs and purchasing of these parts contributed directly to that result. The extent to which parts were replaced in the machinery also inured to its benefit in that it, presumably, received its machinery back in repaired condition. Therefore, regardless of the assignment, I do not think it can be permitted to enrich itself in that way at the expense of the plaintiff, but must reimburse him for the money so expended.

In my judgment, it makes no difference whether he did this himself or caused another, to wit, J. W. Sanders Contracting Company, Inc., to do so. The latter had no contractual relations with defendant, and could not, I think, have any cause of action therefor. It will be bound to look to Sanders for payment, as it must be held to have knowingly dealt with him (he being president and controlling head also of the J. W. Sanders Contracting Co., Inc.). It appears reasonably established that these materials and parts were furnished in repairing the machinery, and the plaintiff should recover therefor the sums of \$1,274.34 and \$429.99, respectively, with legal interest from January 1, 1926, as prayed for.

Proper decree should be presented.