90 So.2d 863

The TOWN & COUNTRY CONTRACTORS

v.

Joseph HENDERSON and Dorothy E. Henderson.

No. 42024.

Nov. 5, 1956.

George O'Dowd, New Orleans, for appellant.

Byrnes & Wallace, New Orleans, for appellees.

HAWTHORNE, Justice.

In this suit Town & Country Contractors seeks to recover the contract price of $2,180 [1] which it alleges is due under a contract between it and the defendants, Joseph and Dorothy E. Henderson. Under this contract Town & Country Contractors was to do certain work to remodel the Henderson residence at 817 Second Street in New Orleans.

In this contract Town & Country Contractors bound itself to do the following work on the defendants' home: Furnish and install green lumaside on all exposed walls; caulk all openings; install a green concrete porch on the front of the house; furnish and install screens on all the windows and two doors; install two sills across the house under the kitchen; brush sills with termite compound; remove the blinds.

The Hendersons admitted the execution of the contract but denied any indebtedness under it because the contractor had failed to perform its obligations under the contract. They alleged that certain enumerated items would have to be completely and entirely done over because of inferior materials and the unworkmanlike manner in which plaintiff performed the work, particularly in the following respects: The siding was improperly applied; the moldings around the window frames were of inferior quality and had not been painted; the concrete porch was improperly constructed.

The case was tried before a jury, which awarded to plaintiff the sum of $600. Plaintiff applied for a new trial, which was denied by the judge for the reason that the evidence disclosed there was no substantial compliance with the contract by the plaintiff. The judge found that it would be necessary to tear down a substantial part of the work and rebuild it. He concluded, however, that the amount awarded to plaintiff by the jury was fair, and that plaintiff was entitled to recover this sum solely on the principle of unjust enrichment. From this judgment plaintiff has appealed.

On this appeal appellant takes the position that it is entitled to recover the full contract price, and that the Hendersons cannot now be heard to complain of any defects in the work performed because of the signing by one of them of an F.H.A. Title I Completion Certificate, which constituted an acceptance of the work by the Hendersons.

In Michel v. Efferson, 223 La. 136, 65 So.2d 115, 119, the owner sued the building

---

1. In addition to the contract price plaintiff also seeks to recover $2.25 which was paid as filing fee for recordation of a lien against defendants' property.

contractor to recover the amount required to remedy faulty construction, and the defense to the suit was that the plaintiff waived whatever claim she had when she accepted the building. In the course of that opinion this court said:

"The defense of waiver is a special one and the burden of proof is on the defendants to show that the plaintiff had knowledge of the defects in construction and that she intentionally waived same. * * *

"Waiver involves both knowledge and intention and it follows that ignorance of a material fact negatives waiver. Waiver can result only from the intentional relinquishment of a known right. Utley v. Donaldson, 94 U.S. 29, 24 L.Ed. 54; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 * * *."

■ On this aspect of the case the judge charged the jury that whether the Hendersons had known of the defects in the work at the time Henderson signed the certificate and had meant to waive them intentionally was a question of fact for the jury to decide. Under this charge the jury evidently concluded that Henderson was not aware of the defects at the time he signed the certificate and had no intention of waiving them. The trial judge concurred in this conclusion in his refusal to grant a new trial. We think that the record supports this finding.

■ Moreover, the record in this case fully supports the finding that the contractor did not substantially perform the contract to remodel the Henderson home. The application of the siding was not well done; it was not in straight courses, nor was it level, nor had the building been properly prepared to receive the siding. The concrete front porch was not level and contained depressions and hollows, and a gap had been left between the step and the door sill, the effect of which was to let water in during a rain. The sills under the house had been improperly installed in that they were not spliced. Numerous other defects were shown which it is not necessary for us to enumerate here. It is sufficient to say that the work was performed in such a manner that it is necessary to have much of it redone.

■ Since there has been no substantial compliance with the contract, which is to say that there has been a substantial breach of the contract by the contractor here, Town & Country is not entitled to recover under the contract itself.

"In order to justify a judgment in favor of the contractor who has been found not to have performed in full, there must be a finding of fact as to what the defects were and that the performance was substantial in spite of them. * * *

"A contractor whose breach is such that he has rendered less than 'substantial per-

formance' has no right to the contract price; he is said to have no remedy 'on the contract.' In such case, the defendant's refusal to pay is not a breach of contract, even though he may eventually be compelled to pay something. If he must pay, his duty is non-contractual in character. It may be called a 'quasi contract.'" 3 Corbin, Treatise on the Rules of Contract Law 786–787 (1951).

"A plaintiff who is himself in substantial default in rendering his agreed exchange for the defendant's promised performance cannot, in the absence of waiver, maintain suit on the contract for the agreed price. The defendant has committed no breach of duty in refusing to perform. Therefore, the plaintiff must get judgment, if at all, upon the theory that he has rendered a part performance of value, that he has done more good than harm to the defendant, and that the defendant will be unjustly enriched and the plaintiff unjustly penalized if the defendant is allowed to retain the beneficial part performance without paying anything in return." 5 Corbin, op. cit. supra 549.

In McMurdo, "Building Contracts in Louisiana", 7 La.L.Rev. 564 (1947), the author points out on p. 578:

"* * * in cases where the undertaker has not substantially performed, he may still recover for the value of his work and materials which have inured to the benefit of the owner. Recovery is allowed on the theory that the owner should not be unjustly enriched at the expense of the contractor."

In Taylor v. Almanda & Bro., 50 La. Ann. 351, 23 So. 365, this court said that when there is a partial performance of a commutative contract, the recovery is not the contract price, but is measured by the benefit of the part performance.

In this court appellant says that in the event we should hold that appellees did not waive the defects in the completed job by the acceptance, then in the alternative judgment should be given it for the full amount of the contract price less the amount it would cost to complete the job according to the original agreement.

■ Appellant would be entitled to recover on this alternative demand provided there had been a substantial compliance with the building contract, but we have found that there was not, and hence the rule of law which appellant here invokes seeking such recovery has no application in the instant case. As stated by the Court of Appeal in the case of Walter E. Canulette & Son v. Clesi, 39 So.2d 853, 854 "* * * a contractor may recover the value of his work, even though it be unfinished or defective, and the remedy of the owner is to have the price reduced to an amount necessary to perfect or complete the work. *However, that rule applies only where the contractor has substantially complied with his undertaking,*

*as that is all the law seems to require.* * * *" (Italics ours.) See also authorities cited above.

■ In the instant case the jury awarded $600 to the plaintiff on the principle of unjust enrichment (C.C. Art. 1965 and authorities cited above), that is, on the principle that the owners should not be unjustly enriched at the expense of the contractor. The jury evidently concluded that the work performed in the instant case had a value to the owners of $600, and the trial judge found that this was a fair award. Defendants did not appeal or answer the appeal seeking a reversal of the judgment on the ground that it was contrary to law, and there is no reason why we should disturb it.

The judgment appealed from is affirmed. Appellant is to pay all costs.