HARDY, Judge.
This is an action by plaintiff for the recovery of a balance due on a contract. Defendants’ answer, after denying plaintiff’s claims, asserted a reconventional demand. There was judgment rejecting plaintiff’s demands, and judgment on the reconven-tional claim in favor of defendants, from which judgment plaintiff has appealed.
The contract which is the basis for this action consists of a proposal submitted by plaintiff and accepted by defendants under the terms of which plaintiff agreed to perform certain work on a building owned by defendant for a contract price of $2,100.00. Because we think it pertinent to an understanding and determination of the issues involved, we quote the body of the proposal which comprehends the agreement between the parties as follows:
“We hereby submit specifications and estimates for: Waterproofing of Existing Brick Structure and New Hay-dite Block Structure.

“Existing Structure

1. Paint to be removed from masonry by sandblasting.
2. Loose and peeling paint to be removed from wood surface of canopy.
3. Coping of all parapets to be floated with Kenitex.
4. Application of Kenitex to front and side and above roofing deck on rear and side of building. (Colors as selected.)

"New Structure

1. All haydite blocks to be coated with colored silicone.
2. Application of Kenitex to top of parapet and side walls.”
*812 Plaintiff’s petition alleged that he had performed the work required by the contract and in connection therewith had furnished additional labor and materials constituting an extra expense to the extent of $68.00; that defendants had paid plaintiff the sum of $200.00, leaving a balance due and unpaid in the principal sum of $1,968.-00.
.Defendants’ answer admitted the execution of the contract but denied all other material allegations and in reconvention prayed for the recovery of damages allegedly caused by the improper and unworkman-like conduct of plaintiff’s operations. The judgment appealed from, as above noted, after rejecting plaintiff’s demands allowed defendants’ recovery on the reconventional demand to the extent of $511.00. This amount was made up of items totaling $136.00 representing amounts expended by defendants in replacement of plate glass, repainting windows and removal of paint, and the sum of $375.00 paid by defendants for the purpose of discharging a material lien filed against the property. The further claim of defendants for the substantial sum of $3,100.00 allegedly representing the cost of repairing the damage to the building was impliedly rejected. Since'defendants have neither appealed from the judgment nor answered plaintiff’s appeal, it follows that the consideration of the re-conventional demand beyond the amount fixed in the judgment is not at issue on this appeal.
Defendants’ refusal to pay the amount of the contract price is primarily based upon objections to the appearance of the building, specifically that there was a variance in the shade of coloring and a streaking of paint in other areas. While plaintiff admits the existence of a certain variation in color shades, he contends that this is due to the uneven surfacing of -the walls of the building, the angles of reflected light which give the effect of different colors, and the variance which is due to uneven depressions in the walls, particularly the mortar joints.
No real purpose would be served by an effort to make a detailed analysis of the testimony of the witnesses which consists primarily of impressions and conclusions. The major portion of the building involved in the work undertaken by plaintiff was a brick structure some fifty to sixty years in age. The remainder of the building was a new construction of Haydite blocks, commonly known as cinder blocks.
We think it material for a determination of the issues presented in this case to observe that the primary purpose of the contract between the parties was the waterproofing of the exterior surface of the building. Plaintiff testified that he was called by one of the partners of the defendant at a time when heavy rains had resulted in leakage and seepage, and that his services were solicited for the purpose of waterproofing the building. While this was denied by defendant, we think plaintiff’s testimony on the point is supported by the wording of the contract which referred to the primary purpose as being the waterproofing of the structure. It is evident from the contract and from the testimony in the record that the painting was not only a secondary consideration, but, indeed, was simply an appurtenant effect of the waterproofing operation. It is further evident from the contract and the testimony that the waterproofing operation was to be performed by means of the application of a compound known as Kenitex, a re-surfacing agent for coating exterior building surfaces, particularly those constructed of brick and concrete block materials. Plaintiff testified that he performed the application of the Kenitex coating by the use of high pressure spray pumps, except with respect to one wall of the building where space did not permit the use of spray equipment, and on which wall the coating was applied by handrolling, to the knowledge and with the approval of one of the defendants.
*813 On behalf of defendants the record contains the testimony of an architect who was employed in connection with the construction of the new portion of the building. In support of the testimony of this witness several communications directed by him to the defendants were introduced in evidence. One of these communications included an extensive list of items setting forth the objections to plaintiff’s work in the opinion of the architect. These detailed objections, however, were summarized in a later communication of the architect relating to the Kenitex application as follows:
“The rejection of this portion of the work may be summarized briefly as follows: As to the portion of ‘Kenitex’ applied out of context with the manufacturer’s specifications (specifically by brush in lieu of pump) ; the results of improper application may become apparent in time, such as spalling, etc., which would tend to mar the finish of the building. Then as to the discoloration of the portions supposed to be white: this I would reject as I would normally reject a paint job that was supposed to be white and emerged as a green tint, as is the case here.”
It should be noted that the record is devoid of any evidence that the architect was consulted prior to the execution of the contract or that there were any specifications of any nature involved aside from the recital of the contract which has been above quoted. Some of the complaints of the architect as to the improper and unwork-manlike conduct of the operation referred to damage to window glass, to spots of Kenitex on the windows and other areas on and about the building, all of which were considered and allowance made for resultant damages in the judgment awarded on the reconventional demand. The other objections by the architect do not appear to be based upon any contract specifications or requirements but on the suggestions contained in a descriptive brochure, relating to the use and application of Kenitex, issued by the Kenitex Chemicals, Inc. Primary objection was made to the failure to use the recommended method of application by spray gun. This objection could only apply to the area in which, according to the un-controverted testimony of plaintiff, spray equipment could not be used because of limitation of space.
Careful examination of the record fails to disclose any evidence which would sustain a conclusion that the principal purpose for which the contract was designed, that is, the waterproofing of the building, had not been adequately and satisfactorily performed.
There is no question as to the fact, which was admitted by plaintiff, that the preliminary sand blasting operations preparatory to application of the Kenitex coating affected the mortar joints of the brick and concrete construction, but in view of the age of the building this was only a natural and expected consequence of such an operation. The deepening of the indentations of the mortar joints supports rather than detracts from plaintiff’s contention that this accounted, in some degree, for the apparent variations in the shade of color.
It is also pertinent to note that plaintiff testified that at all times he was willing to correct any defects in the performance of his work but was prevented in his attempts to this end by the interference of an employee of defendants.
After careful examination of the testimony we are convinced that plaintiff’s performance of the contract has been in substantial compliance therewith; that his work has served the purpose for which it was intended; that allowance for such damage as was unintentionally caused in the course of his work has been adequately compensated by the judgment on the recon-ventional demand, and that he is entitled to collect the balance due under his contract *814 less the amount represented by the judgment on the claim in reconvcntion.
 We find no reason to dispute the general legal principles which have been asserted by counsel for the parties to this suit. As contended by plaintiff and defendant, the case falls under LSA-C.C. Art. 2769. Under the well-established interpretation of this article the contractor, under certain circumstances, is limited to recovery in quantum meruit, but the question of substantial performance is one of fact. Airco Refrigeration Service Inc. v. Fink, 242 La. 73, 134 So.2d 880 and cases cited.
We regret that we cannot accord with the factual conclusions of the district judge. For the reasons which we have above outlined, we are convinced that the established facts preponderate in support of the conclusion that plaintiff has substantially performed the contract upon which he seeks recovery.
For the reasons assigned that portion of the judgment appealed from rejecting plaintiff’s demands is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Grady L. Rogers, d/b/a Rogers Waterproofing Company, and against the defendants, Standard Plumbing and Heating Company, Dominic C. Messina and Frank J. Messina, individually and in solido, in the principal sum of One Thousand Nine Hundred Sixty-eight and No/100 ($1,968.-00) Dollars, with interest thereon at the legal rate from date of judicial demand until paid.
That portion of the judgment in favor of defendants, as plaintiffs in reconvention, in the sum of Five Hundred Eleven and No/100 ($511.00) Dollars is affirmed.
It is further ordered that costs of the lower court be taxed three-fourths against defendants and one-fourth against plaintiff. Costs of this appeal are assessed against defendants-appellees.