AYRES, Judge.
This action upon a promissory note for $700, representing $500 of the contract price and $200 for extras under a contract for the repair and remodeling of defendant’s residence, was defended on the ground there was a failure of consideration due to defects in materials and workmanship; and that plaintiff accordingly failed to substantially complete the work undertaken. On trial, this defense was sustained. Plaintiff’s demands were, therefore, rejected and he appeals.
The record, including the pleadings, would, on first impression, appear to be lacking in significant details. For instance, to the one allegation of plaintiff’s petition, in which he alleged defendant’s execution of the note and his indebtedness thereon, defendant, in answer, merely denied the averments of this allegation. However, assuming the position of a plaintiff in re-convention, defendant claimed of plaintiff, by reason of defects in the materials and workmanship, the sum of $4,488. A plea of vagueness to this reconventional demand, predicated upon defendant’s failure to specify the particulars of his calculation or the details of his alleged claim, was sustained. His continued failure in this regard resulted in a dismissal of his demand. No appeal was taken from a formal judgment signed to that effect.
While the record is thus apparently incomplete, such deficiency does not appear to be important in view of the fact that the case proceeded to trial on the issue of a failure of consideration for the note even though no such issue was presented by the pleadings.
In this regard it appears appropriate to point out that while a pretrial conference *80 was held no notation is contained in the record as to the results obtained, and, further, that, during the course of the trial, no objection was made to the introduction of any testimony bearing on the question of failure of consideration of the note.
The statutory rule in conformity with prior jurisprudence on the subject is as stated in LSA-C.C.P. Art. 1154 to the effect that
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.”
Therefore, the issue on the merits relates, as stated, to the failure, vel non, of the consideration for the note sued upon. This is a factual matter dependent for resolution upon a determination of the facts established by the record.
The contract entered into between plaintiff and defendant contemplated the construction of a double garage, 24' x 28', with a 6' storeroom, a 6' x 8' entrance; a driveway 112' in length; a 3' walkway from the entrance to the driveway; the conversion of an old carport to a den with vinyl floor, a picture window, and a sliding glass door, and certain repairs such as bricking the front wall and the painting of all additions. The contract price, including all items for labor and materials, was $3,-500. Changes were subject to extra charges.
From a review of the evidence, the conclusion is irresistible that defendant’s complaints as to "the faulty construction are well-founded. For instance, the testimony shows that, among the many complaints, it was established that water stands in the carport; the brick wall, unattached to the front of the house, is unstable and shakes with the exertion of little force; the entrance hall is not weather-tight; “daylight” may be observed through the wall from either inside or outside; neither the floor of the entrance nor the sheetrock walls were finished; the threshold board to the entrance was not level or painted; paint was wanting on other of the additions; the picture window leaked; the barbecue pit contained neither rack nor cover and was never completed.
The record further establishes that, despite defendant’s complaints of the defects in the construction, plaintiff promised to remedy such defects but never did.
The testimony, as we have heretofore observed, amply supports, in our opinion, defendant’s contention that there was a failure of consideration for the execution of the note.
However, plaintiff complains of the trial judge’s inspection of the premises. From this inspection, and not from the evidence in the record, it is contended the court reached the conclusion there had been no substantial compliance with the terms of the contract. In view of the facts, the question of the judge’s propriety or impropriety in personally inspecting the premises in the presence of counsel for both plaintiff and defendant is a matter which we deem unnecessary to determine. While it must be conceded that the court’s observation of the premises corroborated defendant’s testimony, it does not appear that the court’s conclusions were based solely on the observations made by it on inspection of the premises. Where the evidence in the record is sufficient to support the finding, it is immaterial that the inspection made by the court in the presence of counsel revealed conditions more serious than defendant’s testimony indicated.
At any rate, clearly, there was no substantial compliance with the terms of the contract. In such situations the con *81 tractor may not recover on the contract; his recovery is restricted to a quantum meruit. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Town & Country Contractors v. Henderson, 231 La. 331, 90 So.2d 863 (1956); Rogers v. Standard Plumbing and Heating Company, 176 So.2d 810, La.App., 2d Cir. 1965; Davidson v. McGrath, 5 La.App. 125 (1926); VII La. L.Rev. 564, 578.
Inasmuch as plaintiff is barred from recovery on the contract for the reasons herein assigned, he is likewise precluded from recovery on a note representing an alleged balance due on such contract.
Accordingly, for the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.