REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of its suit for the contract price of a fence.
The trial judge’s narrative of the facts (in lieu of transcript, C.C.P. art. 2131) is that, as photographs show, one whole side of the fence was located on public property over two feet from defendant’s property line; the fence did not inclose her air conditioner ; and the tops of its vertical boards were not picket-shaped as specified in the contract. Defendant’s uncontradicted testimony was that her agreement with plaintiff’s salesman was that the fence was to *459 be installed on the same lines as a hurricane-destroyed one. Because of hurricane damage her home was unoccupied and she was not there when construction occurred.
While plaintiff argues the contract’s stipulation that it is the owner’s responsibility to locate the fence line, defendant’s testimony of her agreement with the salesman indicates she discharged that responsibility. The trial court noted that the salesman was not called as a witness although plaintiff’s manager admitted notice of mislocation of the fence and the salesman had been listed on pre-trial documents as a possible witness for plaintiff. We conclude the circumstances justified the trial judge’s , conclusion that the mis-location was not attributable to defendant.
Plaintiff relies on the principle derived from C.C. art. 2769 that a contractor who has substantially performed is entitled to recover the contract price less whatever damages the owner may prove attributable to incomplete performance; Airco Refr. Serv. v. Fink, 242 La. 73, 134 So.2d 880 (1961). However, as Fink noted at 134 So.2d 882, “Substantial performance of the contract is essential to warrant the application of this rule of law.” Where substantial performance is absent, the contractor “is not entitled to recover under the contract itself”; Town & Country Contr’s v. Henderson, 231 La. 131, 90 So.2d 863 (1956).
We concur with the trial court that plaintiff did not substantially perform its contract. We view plaintiff’s performance as if it had merely constructed the fence on one side line and the rear. Even without the two other deficiencies, this performance could not be considered substantial completion of the fence contracted for.
Presumably the fence as erected may have some value to defendant, but the trial judge correctly refused to attempt a quantum meruit judgment (not alternatively sought by the petition in any case) for lack of evidence from which the amount defendant may owe plaintiff could have been decided.
The judgment is affirmed.