## WILLIS CAIRY *v.* J. and G. RANDOLPH.

The objection that a suit is on a contract, and that the defendant is not entitled to recover on a *quantum meruit*, is one which should be made before the evidence is introduced to establish the *quantum meruit*.

A suit may be maintained on a building contract although the work be defective or unfinished, and the remedy of the defendant in such a case is, for the reduction of the price agreed upon to the extent of the damages sustained by reason of the defective performance of the work.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Amos Adams*, for plaintiff. *George S. Lacey*, for defendants. The judgment of the court was pronounced by

ROST, J. The plaintiff sues upon a building contract, and claims the sum of $600 which is the entire consideration of it.

The defendants admit the contract, but aver that the plaintiff has failed to fulfill the stipulations on his part, and that so far from having derived any benefit from his work, they have sustained, in consequence of it, $500 damages, which they claim in reconvention. There was a verdict and judgment in favor of the plaintiff for $350, and the defendants appealed.

The argument of the counsel for the appellant is, that the plaintiff sues upon a contract, and that he has failed to show that he had completed the work, and complied with the contract on his part, and has made no claim on the *quantum meruit*, the action must be dismissed.

If these exceptions were at all tenable, they should have been pleaded in *limine litis.* The defendants waived them by joining issue on the merits, going to trial, and suffering evidence of the value of the work done to be received without objection. But under the uniform jurisprudence of this court, a suit may be maintained upon a building contract, although the work be defective or unfinished, and the remedy of the defendant in such a case is for a reduction of the price agreed upon to the extent of the damages sustained by reason of the defective performance. See the cases of *Bethmont* v. *Davis,* 8 M. R. 391. *Thornton* v. *Linton,* 3 L. R. 255. The principle of these decisions is embodied in article 2740 of the code.

On the merits, the evidence as to the value of the work done is conflicting. But it is proved, that the defendants are using the sugar-house and purgery erected under the contract; and a jury of the neighborhood had far better opportunities for knowing its real value than we have. There is nothing in the record to induce us to believe that justice has not been done between the parties.

The judgment is therefore affirmed, with costs.