HILL & MARKAM v. EMMELINE J. PENNY et al.

*Where a contractor delivers and puts up defective machinery as good, and loss is occasioned by such defect, it must be viewed as an active violation of the contract, and damages may be recovered without a formal putting in default.*

APPEAL from the District Court of the Parish of E. Baton Rouge, *Beale*, J. *Geo. S. Lacy*, for plaintiffs. *Thos. G. Morgan*, for defendants and appellants.

MERRICK, C. J. This suit is brought to recover the price of a steam engine and sugar mill. The defendant reconvenes for damages occasioned by the loss of the crop through the defective machinery.

There is some conflict in the testimony of the witnesses. The District Judge partially discredited the testimony of two of the principal witnesses of the plaintiff, and on a careful analysis of the testimony, concluded that defendant had suffered loss to the amount of eighteen and one-half hogsheads of sugar, one-fourth of the crop, estimated at $1,129 33.

The plaintiffs had attempted to remedy the defect in the machinery, but failed. The District Judge was of the opinion, that the defendant had been informed or might have known the defect in the machinery, and that after this period, he ought not to be permitted to recover for the loss of cane juice. It is quite evident that the loss was occasioned by the defective manner in which the sugar mill was constructed. We do not see any evidence which can prevent the defendant from recovering for this loss. In an estimate in this case, we think, however, the lowest figures as to the price of sugar and the weight of the hogsheads should be taken. Making the calculation on this basis, and deducting the cost of making the sugar, the loss will be $740.

We do not perceive any proof of the quantity of molasses supposed to be lost, nor the value of the same.

We adhere to the opinion, that where a contractor *sets up and delivers* to the employer defective machinery as good, and a loss is occasioned by reason of such defect, it may be viewed as in the nature of an active violation of the contract, and damages may be recovered without a formal putting in default. The subject appears to have been well considered in the case of *Lobdell* v. *Parker*, 3 La. 329. It is true, Article 1925 C. C. does not seem to have been cited in that case. The case was placed upon Art. 2740 as having special relation to the contract of letting and hiring. See also Art. 2733 C. C.

The plaintiffs have prayed for an amendment of the judgment in their favor, and we are of the opinion that interest must be allowed from the 5th day of December, 1857, instead of the maturity of the notes which defendant contracted to give.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed by the court, that the plaintiffs do recover and have judgment against the defendant for the sum of four thousand dollars, with eight per cent. interest thereon, from the fifth day of December, 1857, until paid, subject to a credit of seven hundred and forty dollars which we find due upon the reconventional demand as of the date of June 1st, 1838; and it is further ordered, adjudged and

decreed, that the plaintiffs recover against the defendants the further sum of one hundred and fifty-seven dollars and eighty-six cents, with legal interest thereon from the judicial demand ; the plaintiffs paying the costs of the appeal, and the defendants the costs of the lower court.