<div style="margin-left:auto">KENTGEN
<i>v.</i>
JORDAN.</div>

The default was confirmed on the presumption created by Article 360 of the Code of Practice, corroborated by the following testimony : " *J. M. Wagner,* for plaintiff, sworn, says : " the account sued upon is correct." Another witness was examined ; but his testimony not having any reference to the account sued on, does not affect the decision of the cause.

The simple declaration, " the account sued upon is correct," was, in our opinion, insufficient to authorize the confirmation of the default ; the witness should have given the reasons of his conclusion.

We will not, however, under the circumstances of the case, nonsuit the plaintiff, but we will remand the cause, in order to give him the benefit of his default.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the suit be remanded to the Court *a quâ,* to be proceeded in according to law ; the appellee to pay the costs of the appeal.

---

### JAMES McCLURE *v.* ROBERT KING.

Where a party, on the trial of a cause before a jury, is taken by surprise by the loss of evidence, his remedy is either a continuance or postponement of the trial on a proper showing, and he should not be permitted to take the chances of a verdict in his favor, and afterwards claim the benefit of a new trial.

A party who has violated his contract to erect buildings for another is not entitled to exact a specific performance, but can only claim the value of his work and materials.

APPEAL from the District Court of the Parish of Tensas, *Farrar,* J. *H. B. Shaw,* for plaintiff.    *T. P. Farrar* and *Reeves & Alexander,* for defendant and appellant.

VOORHIES, J.    This is a suit on a contract for building ten double cabins for the stipulated sum of $5000.    The plaintiff, who is the contractor, claims also the sum of $1045, for extra work and lumber.

The answer sets up a plea of payment to the amount of $2,937 63, and concludes by a reconventional demand for the sum of $6,668 63 for damages incurred through the non-compliance of the plaintiff with the terms of the contract.

The case being tried by a jury, resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,062 37.    It was brought up on appeal to this court, and the judgment was reversed, the cause being remanded for a new trial. (13 An. 141.)

On the second trial, the jury brought in a verdict for the defendant.    The plaintiff moved for a new trial, alleging that the statement of facts taken down on the former trial, and which contained important evidence, had been mislaid, and that the plaintiff had discovered the loss of this document at the time of closing his evidence on the second trial.

On this showing, the court granted a new trial, quashing the verdict of the jury.

This mode of proceeding met the objection of defendant's counsel, who took a bill of exceptions to the ruling.    It is evident that, if the plaintiff was taken by surprise by the loss of the statement of facts in question, his complaint should have been heard at the time that he was made aware of the fact.    His remedy

was either a continuance or postponement of the trial, a proper showing being made. At all events, he should, at the time, have applied for relief, and not have taken the chances of a verdict, and then claimed the benefit of a new trial.

Be this as it may, the view which we have taken of the cause, as presented on the third trial had before another jury, dispenses us from interfering with the ruling of the District Judge, in allowing a new trial to the plaintiff.

The evidence is somewhat conflicting in many respects; but on the whole, we conclude that the plaintiff has not only failed to comply with his contract, but has violated its stipulations in several particulars; that he is not entitled to exact of the defendant the specific performance of this contract, but only to recover the value of his work and of the materials which he has furnished; and, finally, that the payments made to the plaintiff by the defendant are a full compensation for these services and materials.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and it is further adjudged, that the plaintiff's demand and the defendant's reconventional claim be rejected; the plaintiff paying the costs of both courts.