DAVIDSON v. McGRATH

(Nov. 2, 1926.   Opinion and Decree.)

(Syllabus by the Court.)

1. **Louisiana Digest—Builders and Buildings—Par. 13.**

A substantial performance of a building contract is all that the law requires.

2. **Louisiana Digest—Builders and Buildings—Par. 17, 20, 29.**

The contractor may recover the value of the work which has inured to the benefit of the owner although the work be defective or unfinished; if a price has been agreed on, the remedy of the owner is a reduction thereof by an amount necessary to perfect or to complete the work according to contract.

Appeal from Civil District Court.   Hon. M. M. Boatner, Judge.

Action by John Davidson against Lillian A. McGrath.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wm. C. McLeod, of New Orleans, attorney for plaintiff, appellee.

Henry G. M'Call, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.    This is a suit upon a building contract.

The plaintiff alleged that he made a contract with the defendant to do certain work upon the roof and other portions of defendant's property 1136 Second Street; that he did the work and tendered it to the defendant; that she employed an architect to inspect the work; that the architect reported that some slates upon the roof were cracked and that some flashing was necessary; that plaintiff sent a force of men to do the above work when the defendant refused to allow them to do the work claiming that there were other defects and that the whole roof would have to be taken off; that according to the contract plaintiff is entitled upon the completion of the work to a payment of $1250 and 60 days thereafter to the balance of $500, and that the 60 days have elapsed. Plaintiff prayed for judgment of $1750.

The defendant admitted the contract sued on but denied all other allegations; she alleged that plaintiff had not completed said work according to the contract, nor had the said work been done in a first-class and workmanlike manner; that as a result of said defective work, there were numerous leaks in the roof, which had caused damage to the plastered ceiling in said building, some of which are badly water stained and cracked.

With elaborate written reasons, judgment was rendered in favor of plaintiff as prayed for.   Defendant has appealed.

The trial judge found that the plaintiff had substantially complied with his contract, and that was all the law required. Pratt vs. McCoy, 128 La. 572-619, 54 South. 1012.   See also Dugue vs. Levy, 114 La.

21, 37 South. 995; Hebert vs. Weil, 115 La. 425, 39 South. 389. Tessier dig., 36, No. 8285-9164 Orl. App.; 8 Elliot on Contracts; S. 1606-3693-9 C. J. 739-744, Sec. 79. · Peterson vs. Peralta, 3 La. App. 516.

He also found, and the defendant admitted it, that since the delivery of the work by the plaintiff defendant had made no repairs to the roof.

But the defendant has mistaken her remedy.

In the case of Carry vs. Randolph, 6 A. 202, the court said: "One may sue on a building contract, though the work be defective or unfinished." Defendant's remedy is a reduction of the price to the extent of his damages from the defective performance.

This opinion was followed by this court in Berns vs. Reiss, 12 Orl. App. 126.

In the case of Babst vs. Peritz, No. 7548 Orl. App. this court said:

"The jurisprudence of this State is that a contractor who has delivered his work to the owner may sue him when he has received it and is in the enjoyment of it; and that the contractor may recover the value of the work which has inured to the benefit of the owner although the work be defective or unfinished; if a price has been agreed upon, the remedy of the owner is a reduction thereof to an amount necessary to perfect or to complete the work according to contract."

Also Peterson vs. Peralta, 3 La. App. 516:

"In commutative contracts a partial performance authorizes a recovery to the amount to which the other party is benefited, after deducting the damages sustained by a failure to perform the other parts of the agreement." W. 2 H. D. 1025, No. 4; Taylor vs. Almanda, 50 La. Ann. 351, 23 South. 365; 2 Breaux Dig., p. 657, No. 15 Civil Code 1965 (1960).