### No. 11,080

### Orleans

---

### REICKE v. BLAND

---

(November 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Builders and Buildings—Par. 14, 17.
   A contractor may recover the value of work done by him though it be unfinished or defective.

Appeal from First City Court. Hon. W. A. Bahns, Judge.

Action by Henry S. Reicke against E. J. Bland, appellant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

E. L. Bordelon, of New Orleans, attorney for plaintiff, appellee.

Lucia & Provensal, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. Plaintiff claims judgment on four promissory notes, each for $50.

The defendant admitted his signature to the notes but denied liability thereon for want of "proper consideration". Further answering, defendant averred that on July 29th, 1925, he purchased from the plaintiff certain fixtures according to estimate; that plaintiff agreed to furnish in defendant's store certain fixtures including "new vitrolite panels in doors of soda back bar", and to "take down present fixtures and haul them to new location and erect them as per plan"; that the estimate furnished amounted to $1050, of which he paid $300 on delivery, and the balance, $750, he furnished eight notes of $93.75 each; that after reducing the amount of said notes to $550, by mutual consent defendant furnished eleven notes each for $50; that he paid all of said eleven notes with the exception of the four notes presently sued upon; that plaintiff failed to furnish the fixtures agreed upon; that instead of furnishing "new vitrolite panels in doors of soda back bar" according to estimate, plaintiff furnished ordinary glass doors painted white; that plaintiff promised to replace said glass panels but has failed to do so; that in removing the fixtures plaintiff's workmen broke one large glass mirror of the value of $50, which plaintiff promised to replace; that under said promises defendant signed the eight original and the eleven subsequent notes; "that he is, therefore, entitled to withhold payment of contract in full until such time as plaintiff makes proper delivery of all items included in estimate herein referred to", and that he "is entitled to a new mirror or the price thereof which respondent hereby fixes at the sum of $50"; respondent avers further that as the notes signed by him were to cover in full the estimate furnished by plaintiff, that fail-

ure of plaintiff to deliver and install all fixtures as shown in said estimate leaves the said notes signed by respondent without full and due consideration, thereby making said notes null and void until agreement (is) carried out in full by plaintiff".

There was judgment for plaintiff and defendant has appealed.

The defendant is in error as to his conclusions.

"The jurisprudence of this state is that a contractor who has delivered his work to the owner may sue him when he has received it and is in the enjoyment of it; and that the contractor may recover the value of the work which has enured to the benefit of the owner, although the work be defective or unfinished; if a price has been agreed upon, the remedy of the owner is a reduction thereof to an amount necessary to perfect or to complete the work according to contract." Babst vs. Peritz, No. 7548 Orleans Appeal; Industrial Homestead vs. Junker, No. 7402 Orl. App.; Berns vs. Reiss, 12 Orl. App. 126; 1 H. D. 807 No. 25; Succession of Kerry vs. Freed Realty Co., 6 La. App. 437.

The difference in value between the vitrolite and the glass was ten dollars. The testimony is that the defendant consented to the change until vitrolite could be procured; but that he never insisted on the change until this suit was filed. This was too late. But plaintiff consents to allow this reduction.

There is no testimony whatever concerning the mirror.

The judgment is therefore affirmed, with the reduction of ten dollars, defendant to pay all costs.