## BOLAND MACH. & MFG. CO., Inc., v. FAVRET et al.*

### No. 16799.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

*Rehearing refused Jan. 24, 1938.

Clarence F. Favret, of New Orleans, for appellants.

James G. Schillin, of New Orleans, for appellee.

JANVIER, Judge.

Lionel F. Favret, a general contractor, having been awarded the contract for the erection of a parochial school by the congregation of the Most Holy Rosary Catholic Church, let a subcontract to Boland Machine & Manufacturing Company, Inc., under which the Boland Company agreed to furnish certain iron work required by the plans of the architects. Upon completion of the work, the Boland Company brought this suit, claiming to be entitled, under the terms of the contract, to a balance of $146.25. Both Favret and the surety on his general contractor's bond were made defendants.

Favret, in effect admitting that there was a balance due under the contract, filed reconventional demand for $1,545, alleging that to be the amount due in accordance with the provisions of the contract as liquidated damages for delay.

Judgment was rendered in favor of the Boland Company for $146.25, as prayed for, but, because of want of citation, the suit as against the surety was dismissed.

The reconventional demand was also dismissed. From this judgment, Favret has appealed.

We need give no consideration to the evidence touching upon the main demand because it is admitted that the contract has been completed and that the amount remains unpaid. We shall, therefore, pass at once to a discussion of the reconventional demand.

The subcontract contained a provision for liquidated damages at $15 a day for all delays beyond the stipulated time of delivery and there can be no doubt of the fact that the work was not finally and completely delivered until at least two or three months after the date specified. The Boland Company, however, contends that, in the first place, although the written contract did contain the stipulation for liquidated damages, shortly after the execution of that contract and before any delay had occurred, there was a verbal understanding between the president of the Boland Company and Mr. Favret that the stipulation for liquidated damages would be waived and in effect eliminated from the contract. The said Boland Company contends, in the second place, that such delay as did occur did not result from any fault on its part, but was caused solely by the architects, who made changes in the plans for the iron work and who delayed approving the shop drawings submitted by the Boland Company.

Strenuous objection was made on behalf of Favret to any verbal testimony tending to show an oral agreement in contradiction or variance of the written contract, but such evidence was admitted in the court below and appears in the record before us. Further objection to this evidence was made on the ground that the Boland Company, having, in its petition, claimed the balance to be due under the said written contract, should not be heard to contend for a variance from that contract.

We think the evidence was properly admitted. It is well settled that, although oral evidence may not be availed of to contradict, alter, or amend a written contract, nevertheless it is admissible to show a subsequent agreement changing or modifying a previously existing contract. The rule cannot be stated in clearer words than those which are found in a syllabus written by the court in Harvey v. Mouncou, 3 La.App. 231, as follows:

"Parol evidence cannot be admitted to vary the terms of a written contract, but a subsequent oral agreement altering, waiving, discharging or otherwise novating a prior transaction cannot be excluded because of the prior transaction having been reduced to writing."

But Favret maintains that by having sued on the written contract the Boland Company is estopped to contend that that contract was amended or modified subsequently. But the amendment of the contract which the Boland Company maintains was effected by verbal agreement in no way concerned that part which gave rise to the right of the Boland Company to recover the contract price stipulated for; in other words, that company, alleging that it had performed its obligation under the contract, claimed the unpaid balance of the stipulated price. We see nothing in the allegations of its petition which should estop it when sued for liquidated damages to allege that the stipulation as to such damages had, by subsequent oral agreement, been eliminated. Nor was it necessary that the subsequent agreement contended for concerning the stipulation as to liquidated damages be specially pleaded. The claim for liquidated damages appears for the first time in the answer and reconventional demand of the defendant. No special answer to such a demand is required. Keystone Life Ins. Co. v. Von Schlemmer, 122 La. 280, 47 So. 606; Monroe Hardware Co. v. Delatte, 4 La.App. 66; City of Shreveport v. Chatwin, 139 La. 531, 71 So. 791. Since the evidence touching upon the alleged subsequent verbal agreement was properly admitted, we shall now consider it to determine whether there was such an agreement.

Mr. Monroe, president of the Boland Company, testified that when the first contract was submitted he objected to several stipulations, among them, that for liquidated damages, and that when the final contract was prepared, he again told Mr. Favret that he objected to that provision and that Mr. Favret agreed that it would not be enforced. Mr. Favret did not take the stand to deny that he had agreed to the waiver of that provision of the contract. It is true that during the progress of the work and after delays had occurred Favret wrote to the Boland Company several letters calling their attention to the delay and referring to the fact that he intended to hold the Boland Company liable

for any damage which might result from delay. But when the work had been completed, he sent to the Boland Company a bill for $243.92, most of which represented extra costs due to the delay, but nowhere in the bill did he refer to the claim for liquidated damages. We consider this significant of the fact that he did not have in mind any claim for liquidated damages, but merely intended to attempt to hold the Boland Company for any actual damage which may have resulted.

But most significant of all is the action of Favret in paying to the Boland Company the entire amount due it under the contract with the exception of the $146.25, which forms the basis of the amount of the demand. We consider this significant because that retained amount represents exactly 15 per cent. of the total amount of the contract price and it is shown that it is customary, when contracts are completed, to retain for a short period 15 per cent. of the contract price as a sort of guarantee that the work has been properly done. If Mr. Favret is correct, when the balance due under the contract was paid, there was due to him some $1,545 as liquidated damages and it would have been quite unusual for him to have paid to the Boland Company an amount due it if it was indebted to him at the same time in a very much greater sum.

It is true that it has been held that the fact that a payment is made when there is due by the payee some other amount does not estop the former to later claim the amount due to him. In a leading case on this subject, Levy v. Schwartz & Bro., 34 La.Ann. 209, the contract provided that "fifty dollars per day" might be retained by the owner "as liquidated damages out of any moneys that may be due or owing by him." It was contended that, in having paid to the contractor the balance due under the contract, the owner had waived his right to claim the liquidated damages. The court held that no estoppel or waiver had resulted.

Therefore, if the matter depended entirely upon the question of whether or not the payment had resulted in an estoppel, or indicated a waiver, we would be in some doubt as to whether or not we should hold for the plaintiff. But the question is whether or not the verbal agreement contended for by the Boland Company had been made and we believe that the fact that Favret made the payment to the Boland Company is evidence corroborative of this fact. In fact, in the case relied upon by Favret, to-wit, Levy v. Schwartz & Bro., supra, the court said that "such settlement may afford some evidence of waiver or remission." We think that here the payment does corroborate other evidence and that it is sufficient, in view of the testimony of Mr. Monroe and in view of the finding of the trial court, to justify the conclusion that there was a verbal agreement made subsequent to the written agreement and by which the written agreement was amended.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.

*Rehearing refused Jan. 24, 1938.