## REIMANN CONST. CO., Inc., v. UPTON.*
### No. 16756.

Court of Appeal of Louisiana. Orleans.
Feb. 7, 1938.

Daniel Wendling, of New Orleans, for appellant.

Eugene Stanley, of New Orleans, for appellee.

McCALEB, Judge.

On April 23, 1936, The Reimann Construction Company, Inc., the plaintiff, entered into a written contract with the defendant, Mrs. A. H. Upton, whereby it covenanted to erect certain additions and alterations to the defendant's residence, located at 1524 Burdette street, New Orleans, La., according to particular plans and specifications attached to and made part of the agreement. The contract price for the work was $1,043.50; one-half, or the sum of $521.75, to be paid when 75 per cent. of the work was done and the balance to be paid 15 days after the job was completed. The plaintiff alleges that, in accordance with the aforesaid contract, it entered upon the performance of the work therein required and fully completed the same in workmanlike fashion and that the defendant paid it the sum of $521.75 or one-half of the contract price, but that she has refused, notwithstanding amicable demand, to pay the balance due thereon. It further claims, in addition to $521.75, representing the balance due on the agreed price, the sum of $117.30 for extra work performed by it not included in the written contract.

The defendant admitted the execution of the contract but resisted liability in the case on the ground that the work performed by plaintiff was not done in accordance with the plans and specifications, and was accomplished unskillfully. She makes particular objection to the manner in which plaintiff erected the stairway in her home, and also excepts to the way in which the front sliding doors were overhauled and to the patching of the head casing on the sewing room side of the house; that the floors in the living room and sewing room were left in bad shape due to plaster patching; that plaintiff did not, in accordance with the agreement, inclose the rear side porch to form a kitchen; that the side wall

*Rehearing refused March 21, 1938.

of this kitchen is weatherboarded in violation of the specifications; and that certain electric fixtures have not been installed. She further filed a reconventional demand, setting forth that the plaintiff's failure to carry out the work in uniformity with the specifications has caused her grievous damage and that it will cost her the sum of $750 to correct the faulty execution of the job.

On these issues, a trial was had and the district judge dismissed both the main claim and the reconventional demand as of nonsuit. In its reasons for judgment, the court observed:

"The evidence in this case is vague and indefinite. The Court does believe that there are defects in the premises apparent to the naked eye which should be remedied, and that, owing to the insufficiency or the incompleteness of the proof offered by the plaintiff, there is no judgment that this Court, in its opinion, could properly render.

"The same may apply to the reconventional demand. There is a demand for $750.00 but there is nothing definite or certain as to cost for which the Court could render a judgment in any fixed amount."

The plaintiff has appealed from the adverse decision. The defendant, however, has neither taken an independent appeal nor has she answered the plaintiff's appeal. Hence, the only matter before us for review pertains to the correctness of the lower court's dismissal of the plaintiff's suit.

The facts of the case are simple, but the evidence submitted with respect to the plaintiff's performance of the work, in accordance with the plans and specifications, is indefinite and conflicting. The main dispute between the parties seems to be with respect to the manner in which the erection of the staircase was performed by the plaintiff. Its President, Mr. Reimann, admits that this staircase was not built in conformity with the plans and specifications, but he explains that two changes, with regard to the manner of erection, were requested by Mrs. Upton, and that, in order to please her, he acceded to her desires.

Counsel for the defendant objected to Reimann's explanation of the deviation from the specifications on the ground that parol evidence could not be admitted to vary the terms of the written instrument. This objection is without merit for the reason that plaintiff did not attempt to prove a prior or contemporaneous oral agreement, but an understanding made subsequent to the execution of the contract.

As we have above stated, it is Mr. Reimann's contention that the staircase was constructed in accordance with the wishes of Mrs. Upton, and that she approved the manner in which the work was done. On the other hand, Mrs. Upton denies that she ever consented to an alteration of the terms of the written agreement.

Samuel P. Stone, an architect, testified for plaintiff and said that the work required under the contract was performed in a workmanlike fashion and that he would have approved the job. Contra, defendant produced R. L. Moroney, also an architect, who testified that the work is defective.

Our Brother below visited the premises and was of the opinion that there are defects in workmanship apparent to the naked eye which should be remedied. We do not doubt the correctness of his finding in this respect, inasmuch as he saw the premises, and therefore was in a much better position than we are to determine this fact. But, notwithstanding this, we are of the opinion that the judge erred in dismissing plaintiff's suit, for it is well settled in this state that a contractor may recover the value of work done by him even though it be unfinished or defective. In the case of Peterson v. Peralta, 3 La.App. 516, with Judge Claiborne as the organ of this court, we said: "A contractor may recover the value of the work which has enured to the benefit of the owner, although the work be defective or unfinished, *if a price has been agreed upon; the remedy of the owner is a reduction thereof to an amount necessary to perfect or complete the work according to contract.*" (Italics ours.)

See, also, article 2769, R.C.C.; Cairy v. Randolph, 6 La.Ann. 202; Babst v. Peritz, Orleans No. 7548, see Louisiana and Southern Digest; Berns & Bros. v. Reiss, 12 Orleans App. 126; Davidson v. McGrath, 5 La.App. 125, and Reicke v. Bland, 7 La.App. 280.

We also find that the evidence adduced reveals that the plaintiff has sub-

stantially performed the contract, although, as pointed out by the district judge, there are certain defects which should be remedied. For as much as there is no evidence contained in the record exhibiting the amount of damages suffered by the defendant by reason of plaintiff's failure to perform the contract in a manner consistent with the specifications, we are compelled, under the established jurisprudence, to grant plaintiff a judgment for the full contract price.

Plaintiff also seeks to recover $117.30 for certain extra work which it claims was executed by it at defendant's request. As to these items, we find that at no time prior to the filing of a lien against defendant's property and the institution of this suit, did the plaintiff pretend that Mrs. Upton owed it for these extras with the exception of one item for $13 representing additional plumbing work. In fact, several letters were written by the plaintiff to the defendant after the contract was completed in which payment of a balance due of $534.75 is demanded. We feel that the claim for these extra items, with the exception of the $13 item above mentioned, is an afterthought, and that it was never contemplated that Mrs. Upton should bear this additional expense. See Boland Machine & Mfg. Co., Inc., v. Lionel F. Favret et al., La.App., 177 So. 836, decided on January 10, 1938.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff, Reimann Construction Company, Inc., and against the defendant, Mrs. A. H. Upton, in the full sum of $534.75, with legal interest thereon from June 15, 1936, until paid, with full recognition of plaintiff's lien and privilege, to the extent of the amount herein decreed, on the real estate No. 1524 Burdette street, New Orleans, La. All costs to be paid by the defendant.

Reversed.