**CARY v. BROWN.**

**No. 17410.**

Court of Appeal of Louisiana. Orleans.

June 13, 1940.

Nolan Kammer, of New Orleans, for appellant.

W. H. Sellers, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a contractor against the owner of a building based upon a contract for the remodelling of the interior of the building, in which the sum of $174.85 is demanded. Plaintiff's claim is resisted upon the ground that his work was defective. Defendant reconvened, claiming $195 based upon the alleged loss of rentals caused by the delay in the preparation of the building, said to be due to plaintiff's breach of the contract.

There was judgment below in favor of plaintiff in the sum of $149.85 and dismissing the reconventional demand. The defendant has appealed and the plaintiff has answered the appeal, asking to be awarded the full amount prayed for.

Plaintiff, John Cary, Jr., contracted with Mrs. Robin Brown, wife of Robert G. Dugue, on September 2nd, 1939, to remodel the interior of a certain building owned by Mrs. Dugue and situated at 901 Chartres Street, this city, for the sum of $258. Mrs. Dugue agreed to furnish all necessary materials and to make weekly payments covering the cost of the labor. It was agreed that the work was to be completed on September 26th, 1936, or within twenty-four days. At the end of the first week Cary presented his bill for $71.35, covering the labor cost. Mrs. Dugue refused to pay this amount upon the ground that Cary "had not done a sufficient amount of work and because he had not done his work in a workmanlike manner". She offered him $20 which he reluctantly accepted and worked on the building for another week, at the conclusion of which he again presented his bill for labor amounting to $72 plus $51.35, the balance due on the first week's labor expense. Mrs. Dugue again refused to pay the amount demanded and tendered Cary a check for $40, which, after considerable protest, he accepted. Cary failed to appear for work the following Monday morning and Mrs. Dugue, after having

called him on the telephone to ascertain why he had discontinued the work and upon being informed that it was impossible for him to go on unless she would pay the amount due for labor, stopped payment on the $40 check. Cary did not return to the job and this suit resulted.

We are not convinced that plaintiff's work was defective, though there is some testimony given by Paul A. Cabre, who was employed by Mrs. Dugue to complete the job, to that effect. Be that as it may, however, and assuming that the work was poorly executed, the defendant could not refuse to make the weekly payments for labor as she had agreed to do. Her remedy was an action for a reduction of the price to the extent necessary to correct the defects. The authorities on this point were reviewed by us at length in the matter of Reimann Construction Company, Inc. v. Upton, 178 So. 528, 529. There we said:

"* * * it is well settled in this state that a contractor may recover the value of work done by him even though it be unfinished or defective. In the case. of Peterson v. Peralta, 3 La.App. 516, with Judge Claiborne as the organ of this court, we said:

" 'A contractor may recover the value of the work which has enured to the benefit of the owner, although the work be defective or unfinished, *if a price has been agreed upon; the remedy of the owner is a reduction thereof to an amount necessary to perfect or complete the work according to contract.'* (Italics ours.)

"See, also, article 2769, R.C.C.; Cairy v. Randolph, 6 La.Ann. 202; Babst v. Peritz & Yochim, Orleans No. 7548, see Louisiana and Southern Digest; Berns & Bros. v. Reiss, 12 Orleans App. 126; Davidson v. McGrath, 5 La.App. 125, and Reicke v. Bland, 7 La.App. 280."

The Supreme Court in the case of Dugue v. Levy, 114 La. 21, 22, 37 So. 995, held as stated in the syllabus by the Court, that: "A substantial performance of the contract is all that the law requires, and the employer will not be permitted to avoid payment because the strict letter of the agreement has not been carried out. Slight deviations, or technical, unimportant, or inadvertent omissions or defects, will not bar recovery."

Defendant has pleaded estoppel based upon the acceptance by plaintiff of the two partial payments of the weekly payroll, the argument is that since the entire contract was to be executed in four weeks and partial payments were accepted for two of those weeks or one-half the term of the contract, plaintiff has waived that provision of the contract. In the first place, there was only one weekly payment since defendant stopped payment on the second check, and in the second place, both checks were accepted under protest and because of the necessity of meeting the weekly payroll. Moreover, when demand was made for the second payment the statement included the unpaid balance due for the first week. Plaintiff, therefore, at no time acquiesced in the defendant's breach of the contract.

In Peyrefitte v. Union Homestead Association, 185 So. 693, 697, this Court, quoted with approval the following excerpt from 21 Corpus Juris 1119: "To constitute an 'estoppel in pais' there must concur an admission, statement, or act inconsistent with the claim afterward asserted, action by the other party thereon and injury to such other party. There can be no estoppel if either of these elements are wanting. They are each of equal importance."

In the case at bar, none of the elements necessary to constitute an estoppel are present.

Having decided that the plaintiff was not in default and, therefore, not responsible for any delay which may have occurred, it follows that the reconventional demand cannot be recognized.

Plaintiff has answered the appeal asking that the judgment be increased to the amount sued for. Of the total amount claimed by plaintiff, $174.85, $143.35 was for labor, $50 for profit on the completed work and $1.50 for the cost of inscribing a lien in the mortgage office. The Court below allowed only $25 for profit and it is this amount that the plaintiff seeks to have added to the judgment. Cary says that he had earned a profit of $50 on the two weeks' work, but this amount of profit seems more appropriate for the entire job in view of the total price of the work. However, plaintiff is entitled to the whole amount of profit since he was prevented from earning it by the action of the defendant in breaching the contract, consequently, and for the reasons assigned the judgment appealed from is amended by

increasing the amount awarded plaintiff from $149.85 to $174.85. In all other respects it is affirmed.

Amended and affirmed.