This is a suit by a contractor to recover $104.78, representing the balance allegedly due under a contract to furnish and install four Reems floor furnaces in defendant's premises for the sum of $334.78.
Defendant denies liability to plaintiff on the ground that the furnaces are defective and that they were installed in such a faulty manner that they are unsuited for the purposes contemplated by the parties. He also filed a reconventional demand to recover $219.02, representing payments on account of the contract price, averring that he is entitled to have the agreement rescinded as the result of plaintiff's alleged breach.
After a trial in the lower court on these issues, there was judgment in plaintiff's favor for the amount sued for, less a credit to defendant for $15, which the judge determined to be the cost of remedying certain defects in plaintiff's work. Defendant has appealed.
The facts of the case are as follows: During the month of September 1944, plaintiff, who does business under the name of Mangin Water Heater Service, contracted with the defendant to furnish and install in the latter's double cottage on Arts Street in the city of New Orleans four Reems floor heaters for the sum of $334.78. After the work was performed, defendant made complaint that the heaters did not function properly — in that the pilot lights would extinguish on windy days causing gas to escape into the premises and that the grills of the heaters were faulty — in that they did not contain openings to accommodate the keys, which were provided for use in turning on and off the cocks controlling the gas. Upon receipt of these complaints, plaintiff attempted to correct the asserted defects and, after certain adjustments had been made which were not entirely satisfactory, he undertook to have the Southern Heater Company, distributor for the Reems heaters in New Orleans, visit defendant's premises in order to make all necessary corrections at his expense.
Mr. Leaumont of the Southern Heater Company testified that he visited defendant's premises at plaintiff's request; that he found that the heaters were working properly but that there were certain minor defects and adjustments in the installation work which had to be corrected in order to obtain maximum performance of the heaters and provide adequate comfort to the user; that, thereafter, he sent workmen to defendant's premises for the purpose of making these minor corrections in the venting, shielding, etc., and that defendant's wife refused to permit the workmen to enter the house. Mr. Leaumont further testified that the cost of the work to repair the defects would not exceed $15.
Defendant's wife testified regarding the defects in performance of the heaters. She admits that plaintiff attempted to correct these vices; that representatives of Southern Heater Company came to the premises to do the work and that she refused to permit them to do so because her mother was ill.
Defendant also produced the tenant of his house who says that the heaters on his side of the cottage do not work properly. In addition, defendant called to the stand Mr. Walter Propaski, who is a mechanic of floor furnace installation with Jordy Engineering Company. Mr. Propaski stated that he had examined the heating work at defendant's request and that the heaters do not operate satisfactorily because of improper installation and size of the vents. He, however, does not estimate the cost which would have to be expended in order to change the size of the vents which he believes will correct the difficulty.
[1] The judge of the lower court found in plaintiff's favor on the authority of Article 2769 of the Civil Code; Cairy v. Randolph, 6 La. Ann. 202; Babst v. Peritz, Orleans Appeal, No. 7548, of the docket unreported [see Louisiana and Southern Digest]; *Page 386 
Berns Bros. v. Reiss, 12 Orleans App. 126; Davidson v. McGrath, 5 La. App. 125; Reicke v. Bland, 7 La. App. 280; Peterson v. Peralta, 3 La. App. 516; Reimann Const. Co. v. Upton, La. App., 178 So. 528; Merrill v. Harang, La. App., 198 So. 386 and Lillis v. Anderson, La. App., 21 So.2d 389, 392.
In the last cited case, we had occasion to review all of the prior jurisprudence wherein Article 2769 had been considered and interpreted. We said: "The foregoing article has been construed by the courts to mean that, where a contractor sues on a building contract and it is shown that the work delivered is defective or unfinished, the contractor is, nonetheless, entitled to recover the contract price if the defendant fails to establish the damages he has sustained by reason of the contractor's partial default. The remedy of the owner in such cases is for a reduction in the price to an amount necessary to perfect or complete the work according to the terms of the contract."
Counsel for plaintiff, while recognizing the force of the foregoing pronouncements, maintains that they are inapplicable as the contract sued upon is not a building contract but one for the sale of the respective floor furnaces. Accordingly, he insists that the case is governed by Article 2520 et seq. of the Civil Code, which provides for the redhibitory action in sales contracts where the thing sold contains vices or defects which renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. He further cites, in support of his argument, the cases of Chas. A. Kaufman Co. v. Gillman, La. App., 142 So. 159 and Dugue v. Safety Oil Burners, La. App., 142 So. 161.
We cannot agree with counsel. The contract in question did not involve merely the sale and delivery of floor furnaces. It was an agreement to furnish and install a heating system in the premises of defendant. This, while not a contract to build a house, is a construction contract as it contemplated erection and installation by plaintiff, as a heating contractor, of improvements upon the premises of defendant. It invovled more than a mere sale of materials, i.e., the furnishing of labor and the contractor's skill in the performance of the job. In such circumstances, unlike the sale of merchandise, machinery and other articles, it would be practically impossible to undo the installation work and place the parties in the position they were prior to performance. Hence, the remedy of defendant in this case, as in other cases involving construction, is to seek a reduction in price of such amount as he will be required to expend in correcting the defects.
The case of Kaufman v. Gillman, supra, relied on by defendant, is not apposite for the reason that it involved the sale of a piano. On the other hand, our decision in Dugue v. Safety Oil Burners, supra, is not so easily explained. That was a suit by the owner against the contractor for rescission of a contract whereby the contractor agreed to install an automatic safety oil burner in the owner's duplex for the sum of $350. The owner contended that, due to defects in the burner itself, he was entitled to a cancellation of the sale and a return of the price. The suit was defended on the ground that there was no defect in the burner but that the trouble was caused by vices in other parts of the heating system. Apparently, no contention was made respecting the applicability of Article 2769 of the Code and the above cited jurisprudence. Hence, the court had no occasion to consider whether that Article, and not Article 2520 et seq., was pertinent to the case. Then, too, it was there shown that the contract involved merely the sale and installation of an oil burner which was to be attached to an existing hot air heating system on the premises. This fact alone might provide a sufficient distinction — for, here, the work to be performed by the contractor involved the cutting of floors, running of pipes and other work which placed it in the category of a construction contract. But, if this difference in the nature of the contract does not furnish a real distinction, it suffices to say, as we have above pointed out, that the question of the applicability of Article 2769 was not brought to the attention of the court in the Dugue case.
[2] Aside from the applicability of Article 2769 and the established jurisprudence construing that Article, the record in this case does not warrant the conclusion that either the heaters or the installation work of plaintiff is so defective as to authorize a rescission of the contract. On the contrary, Mr. Leaumont testified that the defects can be remedied for the sum of $15 and defendant's expert, Mr. Propaski, while stating that the installation is faulty, does not contend *Page 387 
that the defects which he found cannot be remedied.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent; takes no part.