STOULIG, Judge.
Defendant, Berner’s, Inc., has appealed a judgment ordering it to replace a 2V2-ton- *924 capacity condenser in an air-conditioning system with one with a 3-ton capacity. Plaintiffs, Mr. and Mrs. Vincent J. Montal-bano, answered this appeal, requesting this court to award the attorney fees they expended to bring this suit on a contract.
On March 25, 1970, plaintiff entered into a written contract with Berner’s, Inc., to install air-conditioning units in two apartments they own at 1422-24 Carrollton Avenue in Metairie. Plaintiffs occupy the larger apartment and rent the smaller one. The contract specifies a 3V2-ton unit was to be installed in plaintiffs’ apartment while a 3-ton unit would be placed in the rental property.
Mr. Montalbano testified that A. J. Pitcher of Berner’s estimated the cooling requirements of the small and larger apartments at 2V2 and 3 tons respectively, but suggested that plaintiff increase the capacity by a half ton for each unit for maximum comfort. Both plaintiffs testified that these are the size units Berner’s agreed to install and the contract bears out this statement. They also testified that the rental apartment was never adequately cooled between 1970, the time of installation, and 1975. Although the record does not indicate there was an inordinate amount of service calls, it does bear out plaintiffs’ testimony that there were frequent complaints of insufficient cooling. In fact Ber-ner’s records reflect Mrs. Montalbano’s statement to a serviceman that the unit had never cooled properly in the four years it had been installed. In addition, William Foret, the tenant who occupied the rental side for three years, testified the cooling was never adequate when it was needed in the hot summer months.
It was not until July 1975 that plaintiffs learned that a 214-ton unit rather than the specified 3-ton unit had been installed in the smaller apartment. While servicing the unit, one of Berner’s representatives referred to the actual size.
Berner’s defense rested on its assertion that it contracted to install a 2V2-rather than a 3-ton unit. While Pitcher, the representative of defendant, did not deny Mon-talbano’s statement that he increased tonnage at Pitcher’s suggestion, he insisted the notation 3-ton unit on the contract was a mistake. Without belaboring the point it is obvious the trial court was unimpressed with Pitcher’s testimony. Further it appeared that Berner failed to produce Pitcher’s estimate as to the cooling needs, while those documents it did produce contained erasures of figures crucial to the case. Ber-ner did not explain why part of the file was kept and other parts discarded. In any event the trial court concluded plaintiffs contracted for a 3-ton unit and received one with a 2V2-ton capacity. The evidence fully supports a finding that Berner breached its agreement.
We next consider the measure of damages due. The trial court ordered specific performance and we conclude this is the only available remedy by which the plaintiffs can be made whole. In written reasons for judgment, the trial judge pointed out this agreement is a building contract (Long Leaf Lumber, Inc. v. Summer Grove Develop., Inc., 270 So.2d 588 (La.App. 2d Cir. 1972), and Mangin v. Jorgens, 24 So.2d 384 (La.App.Orl.1946); therefore, damages for nonperformance are fixed by C.C. art. 2769 as “ * * * the losses that may ensue from his non-compliance with his contract.” He further pointed out the damage here is the cost of replacing the smaller unit with a larger one, which the defendant can do more economically than can plaintiffs. He also noted that normally defendant would be allowed some credit for the use of the smaller unit; however, that credit is not susceptible of calculation.
We agree with the result and the reasoning behind it. Further, we think appellant correctly argues the same conclusion could validly be based on C.C. art. 1927 which permits the obligee to sue for specific performance. That article points out that ordinarily the party aggrieved is only entitled to damages, unless this remedy is inadequate. Then, if possible, specific performance should be ordered.
*925 In this case it is impossible to place a monetary damage figure on the inconvenience to the landlord in receiving numerous complaints about an ineffective air-conditioning unit. Likewise it is impossible to calculate the value to the landlord or his tenant of a lukewarm air conditioner. It is questionable if an inefficient air-conditioning system has any value at all. In any event the contractor claiming an offset for use had the burden of pleading and proving the value of said use. But see Peoples Fur. & G. v. Carson Hicks/Friedrichs Ref., Inc., 326 So.2d 919 (La.App. 3d Cir. 1976). Therefore we affirm the judgment ordering specific performance.
Appellees contend they are entitled to attorney fees under .C-C. art. 2545. Because that article is concerned with contracts of sale where the seller knowingly delivers a defective object, we will not base a fee award on it in a claim on a building contract. In this connection we note that we are not satisfied that the nonperformance by Berner’s was a bad faith breach. The possibility of error or inadvertence has not been negated. It is as reasonable to infer that defendant somehow installed the wrong size unit inadvertently as well as that it deliberately substituted an inadequate system to inflate its profit.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.

BEER, J., concurs with written reasons.