WATKINS, Judge.
This is an action for extras added to a building contract brought by Tommy Bourgeois, a builder, against Wayne Dewey Kirkland, the person for whom the house in question was built. Kirkland reconvened seeking damages for defective construction. The trial court awarded plaintiff Bourgeois $6,794.41 on the extras added to the building contract, and Kirkland, plaintiff in re-convention, $950.00 as damages under the reeonventional demand. We affirm in all respects.
Kirkland and Bourgeois entered into a verbal agreement under which Bourgeois would build a house for Kirkland on a tract owned by Kirkland in East Baton Rouge Parish. The verbal agreement was that the house would be built on a cost plus basis, with 5% or 10% profit (the testimony is uncertain), with the total amount of costs and profit not to exceed $38,000.00. Kirkland was to borrow the money to build the house! It was agreed that Kirkland would borrow $38,000.00. Bourgeois estimated that the total cost plus amount would run to about $35,000.00, and Kirkland planned to spend the balance of approximately $3,000.00 on furniture.
Kirkland and Bourgeois entered into a written building contract dated June 8, 1977, which set forth a contract price for building the house of $38,000.00. The instrument recited that the house was to be built according to plans and specifications. Both the building contract and plans and specifications were introduced in evidence at the trial. In the course of construction, Kirkland indicated that he wanted certain rather expensive additions to and departures from the plans and specifications; notably, he wanted the fireplace, which had been built according to plans and specifications and rejected by the city-parish building inspector, moved; he wanted a paved driveway; he wanted the exterior in part sheathed in brick; he wanted new appliances; he wanted a back porch, and he wanted a larger central air conditioner. These additions were made, and the house was accepted in writing by Kirkland upon completion of construction.. Bourgeois was paid $38,000.00 for the construction. Kirkland moved in. The trial was conducted in part at the house, and the Kirklands appear to have been living in it at the time of the trial. Kirkland complains that the house had certain defects in construction, involving principally the construction of the fireplace, hearth, trim, and roof (which Kirkland admits did not leak).
Kirkland’s main contention on appeal is that Bourgeois did not prove the cost plus items of the principal contract, but attempted to prove only the extras, assuming that he was entitled to the sum of $38,-000.00 which he had received under the principal contract. We find Bourgeois’ method of presentation of his case was proper, and that the extras should have been over and above the $38,000.00 principal contract sum, and not wholly or partly included in that amount.
Kirkland and Bourgeois entered into a written building contract according to plans and specifications, the contract sum being $38,000.00. The extras were departures from the plans and specifications. It is true there was a anterior verbal agreement to seek to hold the construction sum, on a cost plus basis, below $38,000.00. However, the parties thereafter entered into a written building contract. A written contract evidences the complete understanding of the parties and supersedes prior verbal agreements leading up the perfection of the written contract. LSA-C.C. art. 2276; Piliawsky v. Colar, 112 So.2d 730 (La.App.Orl.1959). Thus, it was unnecessary to prove the sum of $38,000.00 agreed upon in the written contract, and it was necessary only to prove the extras.
As to the extras, there is little serious controversy that they represent additions to the original contract and that Kirkland did request them. These sums were sufficiently proven, we are convinced, after full review of the record. We, therefore, find that the sums for the extras were *1205 properly awarded by the trial court in the full sum of $6,794.41. Likewise, the sum awarded on the reconventional demand, we are convinced, after full review of the record, did not represent an abuse of the trial court’s “much discretion” in awarding damages, being neither unduly large nor greatly insufficient. LSA-C.C. art. 1934.
Kirkland seeks attorney’s fees. First, we might note that the major portion of counsel’s time, who was employed by Kirkland, was spent in unsuccessfully seeking to disprove the principal demand and in urging portions of the reconventional demand that were denied. However, to address the question squarely, we see that Kirkland bases his claim for attorney’s fees on the theory that the building contract was a sale, and that the reconventional demand was an action in redhibition, and the builder having been in legal bad faith, attorney’s fees are properly awardable. However, the appellate courts of other circuits have specifically held that attorney’s fees are not awardable in an action for defects in construction under a building contract, as a building contract is not a contract of sale. Stream v. LeJeune, 352 So.2d 714 (La.App. 3d Cir. 1977); Montalbano v. Berner's, Inc., 365 So.2d 923 (La.App. 4th Cir. 1978). We find this analysis to be correct, and follow it. Accordingly, we affirm the action of the trial court in denying attorney’s fees.
The judgment of the trial court is affirmed, costs in the trial court to be paid one-seventh Qh) by plaintiff-appellee and six-sevenths (%) by defendant-appellant, all costs of appeal to be paid by appellant, Wayne Dewey Kirkland.
AFFIRMED.